## LIPMAN & BOOTH, LLC
### ATTORNEYS AT LAW
**www.lipmanandbooth.com**

<u>CHRISTOPHER BOOTH</u>
NOAH LIPMAN* (RET)

11 BROADWAY, SUITE 1054
 New York, New York 10004
TEL: (212) 363-6969
FAX: (212) 363-6041
cbooth@lipmanandbooth.com

February 7, 2020

The Hon. Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201
Via ECF

> **Re:**   <u>**United States v. Mark Kocaj,**</u>
> **Indictments 19-CR-575 (FB) & 19-Cr-577 (FB)**
> **Motion to Modify Conditions of Bail for Employment**

Dear Judge Block:

The defendant is at liberty upon terms of bail that include home detention, GPS monitoring, and a $600,000 bond secured by property and financially responsible individuals. A copy of the release order is attached here. To date the defendant has been in full compliance with the conditions. The defendant seeks to modify the terms of release to add an employment related curfew. The release order states that the defendant can be employed as approved by Pre-Trial Services.

The defendant has been presented with the opportunity to work for an elevator company based in Mt. Vernon, New York. Pre-trial services have approved his job interviews thereat and I am unaware of any objections to this request. The defendant would report to the Mt. Vernon office each morning and receive a list of work sites that require his presence during the day. All of the potential locations are located in Bronx and Westchester Counties. The nature of the work at each site and travel/traffic conditions do not allow a specific timetable of the defendant's presence. Accordingly, to fulfill his employment responsibilities, the defendant would need to leave his home at 7:00 am each day and would return no later than 7:00 pm. He would continue to wear the monitoring device and hence the Government would be aware of his location, real time, at all times.

Mr. Kocaj's arrest in this case has caused great economic and personal distress. He lost his well-paying job and related benefits. He has had to enroll in medicare. Like the rest of us, he has many bills to pay as the primary financial provider for his family, including: his home mortgage, insurance, gas and electric, food, cable, telephone, medical, his son's college related expenses and attorney fees. He will not be able to meet his commitments if he doesn't work. His trade has always been in construction and he had a job opportunity in that field that pays far better than the elevator company, but Government opposition prevented him from landing that spot. Indeed, when we argued before Your Honor on the last date, the Government said it didn't oppose the defendant working in a field other than construction. Accordingly, he accepted its invitation and has an opportunity.

A mutually agreeable solution was sought with the Government but its demand that the defendant obtains – in advance - a schedule of locations to visit each day is unworkable given the nature of the work. The business is based upon daily responses to need for services and repairs in buildings and that list changes daily and constantly. At bottom, the Government believes that the defendant must be supervised at every moment of the day to guard against whom he may interact with. The only way to accomplish that, would be to have an agent surveil him 24/7. That restriction on a mature man with no criminal record is unreasonable and effectively denies a man with his work experience the right to work. There are sufficient restrictions already set out in the release order to prevent improper associations. The continued supervision by Pre-trial Services with gps monitoring provides more than a sufficient level of monitoring.

Accordingly, the defendant requests a modification of the terms of release to impose an employment related curfew that permits him to leave his home Monday thru Friday at 7:00 am and return to his home no later than 7:00 pm. All other conditions, including continued gps location monitoring remain in place.

Respectfully,

/s
Christopher Booth

Cc: AUSA Keith Edelman: Keith.Edelman@usdoj.gov
    USPO Leo Barrios: Leo_Barrios@nyspt.uscourts.gov
    USPO Carter: EMunit@nyept.uscourts.gov